8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anna Dehlia VALLE, Defendant-Appellant.
 No. 91-30422.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 1, 1993.
Decided Sept. 30, 1993.
 
 Before: TANG, POOLE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Anna Dehlia Valle appeals her conviction for conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and related charges. Valle argues that the district court erred in denying her mistrial motion.[1] We reject her argument and affirm her conviction.
 
 I.
 
 3
 In the course of investigating a heroin enterprise, it became known to the Drug Enforcement Administration (DEA) and local officials that Valle, operating under an assumed name, Yvonne Delores Ybanez, was a participant in this enterprise. Valle rented cars and motel rooms and made Western Union money transfers in support of the enterprise's activities. Valle also sold and distributed heroin, and personally kept coded records of the enterprise's transactions.
 
 
 4
 At trial Valle presented a duress defense, contending that the leader of the enterprise had threatened to harm her and her family, who live in Mexico, if she did not participate in the enterprise. In his closing argument, the prosecutor made the following comment concerning her duress defense:
 
 
 5
 Now, I want to say a word or two more about this coercion defense. Do you mean to tell me that there was any substance whatsoever in this defense that these two people wouldn't have contacted authorities somewhere along the line? What about September 12 when [a codefendant] is arrested in Tumwater, Washington? [The leader of the enterprise] is in a different country. She is with the police officer counting the money. Why then doesn't she say something.
 
 
 6
 I asked her: Did you ever think about this? Why is it that not one member of their respective families ever came to this country and sought asylum here. Did you ever think about that?
 
 
 7
 You know, all of the other people on trial in this case, those that were not on trial and whose names you have heard, about 30, 40, they had no problem--
 
 
 8
 [Objection made and overruled]
 
 
 9
 You heard about 30, 40 maybe 50 statements of different people in this case who had no trouble or problem whatsoever coming to this country for all sort of illegal purposes. For example, Mr. Orantes repeatedly came in after he was deported. Tell me why not one member of this family sought asylum in this country for a legitimate lawful purpose. Then why didn't they go to the American Embassy in Mexico?
 
 II.
 
 10
 Valle argues that the district court erred in not granting a mistrial or giving a curative instruction because the prosecutor misstated the facts and law regarding the availability of political asylum for her and members of her family. The court reviews this issue for an abuse of discretion. United States v. Marsh, 894 F.2d 1035, 1039 (9th Cir.), cert. denied, 110 S.Ct. 1143 (1990).
 
 
 11
 The prosecutor is given wide latitude in closing argument and may vigorously argue all reasonable inferences from the evidence at trial. See United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991). However, argument should not refer to matters that are not presented as evidence. See United States v. Vargas-Rios, 607 F.2d 831, 838 (9th Cir.1979); United States v. Gray, 876 F.2d 1411, 1417 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990). Argument should also not misstate the law. See United States v. Berry, 627 F.2d 193, 200 (9th Cir.1980), cert. denied, 449 U.S. 1113 (1981). "In other words, while [the prosecutor] may strike hard blows, he is not at liberty to strike foul ones." United States v. Young, 470 U.S. 1, 7 (1985) ( quoting Berger v. United States, 295 U.S. 78, 88 (1935)).
 
 
 12
 The prosecutor's argument did not assert that political asylum was available to Valle and her family members under the relevant provisions of the Immigration and Naturalization Act, 8 U.S.C. § 1101 and 1158. The prosecutor's argument merely stressed a legitimate point to the jury, that Valle and her family never made any effort to seek protection from a government or law enforcement organization. Valle's argument that the prosecutor misstated the law of asylum relies on an unreasonable interpretation of his closing argument. The district court did not abuse its discretion in denying Valle's mistrial motion.
 
 
 13
 Furthermore, any error committed by the district court was harmless. The evidence against Valle at trial was overwhelming and belied her duress defense. The prosecutor's isolated and vague reference to "asylum" probably did not affect the verdict. See United States v. Prantil, 764 F.2d 548, 556 (9th Cir.1985).
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Valle also joins in the arguments of her codefendants whose appeals were consolidated with hers. We have rejected these arguments separately